IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monta Joe Evans,<br><br>        Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV-16-08067-PCT-DLR (BSB)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

Petitioner Monta Joe Evans has filed a Petition for Writ of Habeas Corpus by Person in State Custody, pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents have filed a limited answer asserting that the Petition should be dismissed because Petitioner's "of-right" post-conviction proceeding is pending in state court. (Docs. 13, 14.) Petitioner opposes Respondents' assertion and argues that the Court should consider the merits of his claims. (Doc. 15.)

**I.    Factual and Procedural Background**

    **A.    Guilty Plea, Sentencing, and Rule 32 Proceeding**

On April 28, 2015, Petitioner pleaded guilty pursuant to a plea agreement in the Mohave County Superior Court to one count of aggravated assault, one count of aggravated driving under the influence of intoxicating liquor, and one count of criminal damage. (Doc. 13, Exs. B, C.) On May 17, 2015, the trial court sentenced Petitioner to a total of eighteen-and-a-half years' imprisonment. (Doc. 13, Ex. C.)

Because he pleaded guilty, Petitioner's only avenue of direct review was an "of-right" proceeding under Rule 32 of the Arizona Rules of Criminal Procedure, which is the functional equivalent of a direct appeal. *See Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review); *see also* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding known as a Rule 32 of-right proceeding"); Ariz. R. Crim. P. 32.4(a) (providing that a Rule 32 of-right proceeding must be filed within ninety days after the entry of judgment and sentence).

On June 11, 2015, Petitioner filed a notice of post-conviction relief in the trial court.[1] The court appointed Petitioner counsel. (Doc. 13, Ex. D.) On May 20, 2016, counsel notified the trial court that, after reviewing all relevant materials, he could find no claim to present in a petition. (*Id.*) On May 26, 2016, the trial court granted Petitioner forty-five days from the date of the order to file a pro se petition. (Doc. 13, Ex. A.) The court also ordered the Mohave County Public Defender's Office to act as advisory counsel. (*Id.*) To date, Petitioner has not filed his petition in the trial court.

### B. Federal Petition for Writ of Habeas Corpus

On March 31, 2016, Petitioner filed a Petition for writ of habeas corpus in this Court. (Doc. 1.) Petitioner asserts a double jeopardy claim under the Fifth Amendment (Ground One), and an ineffective assistance of counsel claim under the Sixth Amendment (Ground Two). (*Id.*)

## II. Exhaustion

Before the federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v.*

---

[1] The Court obtained this date from the Mohave County Superior Court's "Public Access to Court Information" for case number S-8015-CR-201401250, *State of Arizona v. Monta Joe Evans*. *See* https://apps.supremecourt.az.gov.publicaccess/ca. The Court can take judicial notice of this type of information. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689-90 (9th Cir. 2001) (the court can take judicial of matters of public record).

- 2 -

*Boerckel*, 526 U.S. 838, 842 (1999).  A petitioner has not exhausted state court remedies if he has a state appeal pending at the time he files a petition for writ of habeas corpus in federal court.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (stating that "[w]hen . . . an appeal of a state criminal conviction is pending, a would be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Martineau v. Elliot*, 2008 WL 3582811, * 1 (D. Ariz. August 13, 2008) (dismissing habeas corpus petition as premature when the petitioner presently had a Rule-32 petition pending in the Maricopa County Superior Court).

        The record reflects that Petitioner has a Rule 32 of-right proceeding pending in state court, which is the functional equivalent of a direct appeal.  *See Summers*, 481 F.3d at 715-16.  Petitioner disputes Respondents' description of that proceeding as having just begun, but does not dispute that it is still pending.  (Doc. 15 at 1.)  Considering the pending Rule 32 "of-right" proceeding, which could affect Petitioner's convictions and which could also ultimately affect these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this time.  *See Sherwood*, 716 F.2d at 634; *Henderson v. Johnson*, 710 F.3d 872, (9th Cir. 2013) (stating that "*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").  Additionally, Petitioner will suffer no prejudice as a result of a dismissal without prejudice.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after a petition has been dismissed for failure to exhaust before the district court adjudicated any claims is not a second or successive petition.).  Because this habeas corpus proceeding is premature, the Court recommends that the Petition be dismissed without prejudice.[2]

---

[2] The parties do not address whether the Court should stay the Petition and hold it in abeyance in accordance with *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  However, the Court does not recommend that procedure in this case.  In accordance with *Rhines*, the Supreme Court recognizes that petitioners who are "reasonably confused" about timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under *Rhines* until the state remedies are exhausted.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  By protectively filing a

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

---

habeas corpus petition, a petitioner may comply with the one-year statute of limitations applicable to federal habeas corpus petitions. *See* 28 U.S.C. 2244(d)(1). Here, because Petitioner's Rule 32 "of-right" proceeding, a form of direct appeal, is still pending, the one-year limitations period has not commenced and, therefore, there is no need to hold this proceeding in abeyance to prevent a statute of limitations problem. *See* 28 U.S.C. 28 U.S.C. § 2244(d)(1). Thus, dismissing the Petition under the circumstances of this case will not prejudice Petitioner.

1 | Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 14th day of June, 2016.

_____
Bridget S. Bade
United States Magistrate Judge